UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DACOREY SATTERWHITE,<br>        Plaintiff,<br>    v.<br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 20-cv-02116-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 3] |

Plaintiff, DaCorey Satterwhite ("Satterwhite"), proceeding *pro se*, filed a complaint for "professional negligence" in the Santa Clara Superior Court against the United States Postal Service ("USPS"), a federal agency of the United States. Defendant timely removed the case to this Court. Upon removal, the United States was automatically substituted as the party defendant pursuant to 28 U.S.C § 2679(d)(2). Before the Court is a motion to dismiss by the United States. ECF 3. The time for Satterwhite to respond to the United States' motion has passed without any response from Satterwhite. Pursuant to Civil Local Rule 7–1(b), the motion is suitable for disposition without oral argument, and the hearing set for July 2, 2020 is vacated. For the reasons stated herein, the Court GRANTS the motion to dismiss WITHOUT LEAVE TO AMEND.

**I.    BACKGROUND**

Satterwhite alleges that on January 14, 2020, he was approved for a credit card processing machine from Leaders of Merchants. Compl. at 1, ECF 1-1. Satterwhite received USPS tracking information that his package had arrived at the post office on January 18, 2020 at 1:19 a.m. Compl. at 2, ECF 1-1. Satterwhite went to the post office at 105 N. 1st Street in Downtown San Jose on the same day and was told that "[his] item was not there." *Id.* at 2. In addition, Satterwhite alleges that "Kenia Garcia" told Satterwhite at the post office that "the package had the wrong zip code." *Id.*

1  Satterwhite left without the package. *Id*. When Satterwhite called Leaders of Merchants, he was
2  told that the package had been sent. *Id*. Based on the foregoing, Satterwhite alleges that "someone
3  inside the post office is lying!" *Id*. It is not clear from the Complaint whether Satterwhite ultimately
4  received the package. *See generally,* Compl.

5  On February 24, 2020, Satterwhite filed a Complaint for "professional negligence" in the
6  Santa Clara Superior Court against the USPS, seeking monetary damages in excess of $25,000.00,
7  non-monetary relief, and punitive damages. *See* Civil Cover Sheet, ECF 1-1. The United States
8  timely removed the case to this Court. *See* Not. of Removal, ECF 1. The United States moves to
9  dismiss the case on two grounds: (1) lack of subject matter jurisdiction because Plaintiff failed to
10 exhaust his administrative remedies and (2) Plaintiff cannot state a claim because the United States
11 is immune from tort claims based on mishandled mail. Mot. to Dismiss, ECF 3.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges whether a court has subject matter jurisdiction to hear a case. Federal courts have limited jurisdiction and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. U.S. Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). It is the plaintiff's burden to prove jurisdiction at time the action is commenced. *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016). A court considering a 12(b)(1) motion to dismiss is not limited to the pleadings, "but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once subject matter jurisdiction is challenged, the party opposing the motion bears the burden of establishing jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.2d 1115, 1122 (9th Cir. 2010).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. Under Rule 8(a) of the Federal Rule of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff

2

must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the factual contents in the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). In ruling on a motion to dismiss, factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### C.     Leave to Amend

A court granting a motion to dismiss a complaint must decide whether to grant a leave to amend. Leave to amend should be "freely given" when there is no "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, …[or] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations and quotations omitted).

## III.    DISCUSSION

*First*, the United States argues that the Court lacks subject matter jurisdiction because Satterwhite failed to exhaust his administrative remedies before filing this suit. Motion at 3. The Court agrees. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for torts against a federal agency. 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). For tort actions within the purview of 28 U.S.C. § 1346(b), the FTCA allows tort claimants to sue the United States only after they have exhausted their administrative remedies with the federal agency that is purportedly responsible for the injury. 28 U.S.C. § 2675(a). The FTCA's exhaustion requirement is jurisdictional. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). An action filed prematurely, before the claimant has exhausted his or her administrative remedies, must be dismissed. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993).

1    According to the United States, Satterwhite has not presented a claim to the Postal Service before filing this action. *See* Beatty Decl. ¶¶ 2-3, ECF 3-1. Satterwhite has not presented any evidence to the contrary or responded to the United States' motion to dismiss. Thus, the Court must dismiss this action because Satterwhite fails to carry his burden to establish subject-matter jurisdiction by demonstrating that he complied with the scheme for administrative relief set forth in the FTCA before filing suit against the USPS. *See McNeil*, 508 U.S. at 113.

***Second***, the United States seeks dismissal because Satterwhite cannot state a claim against the USPS for delayed mail because the United States has not waived its sovereign immunity for claims arising out of the transmission of mail. *See* Motion at 4. Again, the Court agrees. The FTCA grants a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b). But the United States retains sovereign immunity for tort claims against it for "loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Satterwhite claims that "Kenia Garcia" in the post office told him that the package had the wrong zip code and was not at the post office when the USPS tracking information indicated otherwise. *See* Compl. at 2. Viewing all allegations in the light most favorable to Satterwhite, the alleged negligence falls within the definition of "loss, miscarriage, or negligent transmission of letters or postal matter." *See Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (affirming dismissal of claims against the USPS for loss of package); *Jaguar Assocs. Grp. v. U.S. Postal Serv.*, No. C07-5022 PVT, 2008 WL 686820, at *3 (N.D. Cal. Mar. 11, 2008) ("The postal exception is broadly stated and encompasses 'any claim' arising out of the delivery of mail."). The Court cannot make any reasonable inference that the United States is liable based on the Satterwhite's factual allegations. Therefore, dismissal is warranted. *See Iqbal*, 556 U.S. at 678.

Based on the above analysis, an amendment would be futile because the United States is exempt from tort liability under 28 U.S.C. § 2680(b). It is clear that Satterwhite cannot cure the defect on legally meritorious grounds.

**IV.  ORDER**

For the foregoing reasons, the Court GRANTS the United States' motion to dismiss at ECF 3 WITHOUT LEAVE TO AMEND.

4

**IT IS SO ORDERED.**

Dated: June 5, 2020

_____
BETH LABSON FREEMAN
United States District Judge